UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dana Lamont Morton,<br><br>                       Plaintiff,<br><br>vs.<br><br>Greenwood City Police Dept.; Chief Gerald Brooks; Chris Gray; SC Dept of Probation Parole Pardon; Index Journal Newspaper,<br><br>                       Defendants. | C/A No. 8:13-1243-MGL-JDA<br><br>Report and Recommendation |

Plaintiff, a detainee at Greenwood County Detention Center in Greenwood, South Carolina, files this case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d

1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2d Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds and concludes that the Complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Plaintiff complains that he was arrested July 4, 2010 and charged with assault and battery; he was held for several months, but the charges were later dropped. ECF No. 1 at 3. Initially, he was denied bond, and was detained ninety (90) days before the judge set a bond of $250,000. *Id.* Petitioner complains that this bond was too high, and that he was therefore forced to remain in jail another thirty (30) days. While Plaintiff was held, his home was searched, and he complains he does not know if there was a search warrant. *Id.* Plaintiff does not allege, however, that there was in fact no search warrant, or that any information gained in the search was used against him. He complains that Defendant Index Journal Newspaper libeled him when it printed information about his arrest, but did not later retract the story when the charges were dropped. ECF No 1 at 3.

While it is not clear from the Complaint, it appears that Petitioner was released on those July 4, 2010 charges, but now is detained for some other reason. In terms of relief,

Plaintiff seeks monetary damages to compensate him for the time he was held and the alleged libel. ECF No. 1 at 4.

The Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)[1], as Plaintiff has failed to state a claim for relief under § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff offers no facts to support the implied assertion that he was held illegally; he does not, for instance, allege that he was arrested without a warrant or pursuant to a warrant that was facially invalid. *See Porterfield v. Lott*, 156 F.3d 563 (4th Cir. 1998) (stating there is no false arrest in violation of the Fourth Amendment if the arrest is made pursuant to a facially valid arrest warrant). As Plaintiff makes no claim that the warrant was not facially valid, he has not pled a constitutional deprivation such that he could prevail on a false arrest claim under § 1983. He admits he appeared before a judge early in his detention, and alleges no facts to imply that he was held without due process. "The sort

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."

3

of unlawful detention remediable by the tort of false imprisonment is detention without legal process." *Wallace v. Kato*, 549 U.S. 384 (2007) (internal citations omitted).  As Plaintiff has not claimed he was arrested or held without lawful process, he has failed to state a claim for false arrest or false imprisonment such that he should be compensated for the time he was detained.

Additionally, Defendant Index Journal Newspaper is not a "person acting under the color of state law."  Plaintiff makes no allegation that this newspaper is any kind of state actor that would be amenable to suit under § 1983.  Even if the newspaper were amenable to suit, a defamation cause of action would not lie under § 1983.  Section 1983 "cannot be used as a vehicle for asserting a claim of defamation."  *Wildauer v. Frederick County*, 993 F.2d 369, 373 (4th Cir. 1993).  Any defamation suffered by Plaintiff would not be actionable under § 1983 because it does not implicate federal constitutional or statutory rights; "[d]efamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

It is not clear why the South Carolina Department of Probation, Parole and Pardons ("Department") is named as a defendant, but in any case the state agency enjoys 11th Amendment immunity.  As a state agency, the Department is immune from suit under the Eleventh Amendment, which divests this Court of jurisdiction to entertain a suit brought against the state of South Carolina or its integral parts, such as a state agency or department.  *See, e.g.*, *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*,

527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (stating that, although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens). Under *Pennhurst*, a state must expressly consent to suit in a federal district court. *Pennhurst*, 465 U.S. at 98. The state of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976)(statute expressly provides that the state of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the state of South Carolina, and does not consent to suit in a federal court or in a court of another state). Thus, because Plaintiff seeks money damages from Defendant Department, the case against this Defendant should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 20, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).