IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dana Lamont Morton, | ) | Civil Action No.: 8:13-1243-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Greenwood City Police Dept.; Chief Gerald | ) | |
| Brooks; Chris Gray; SC Dept. of Probation | ) | |
| Parole Pardon; Index Journal Newspaper, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

*Pro Se* Plaintiff Dana Lamont Morton ("Plaintiff"), a detainee at Greenwood County Detention Center, filed this action on May 8, 2013, and pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 1.) The matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B) D.S.C. On May 20, 2013, Magistrate Judge Austin issued a Report and Recommendation recommending that the court dismiss Plaintiff's complaint without prejudice and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

On May 20, 2013, the Clerk's Office mailed Plaintiff an order advising Plaintiff of his responsibility to notify the court in writing if his address changed and warning that his case could

be dismissed for failing to comply with the court's order. (ECF No. 9.)  The Clerk's Office also mailed Plaintiff the Report and Recommendation issued by Judge Austin.  (ECF No. 11.)  On June 3, 2013, the envelope addressed to Plaintiff containing the Report and Recommendation and the order was returned to the Clerk's Office marked "Released," and "Return to Sender." (ECF No. 13.)  On July 1, 2013, Plaintiff called the Clerk's Office and stated that he had been released from detention and gave his new mailing address.

Based on the verbal communication from Plaintiff, another copy of the May 20, 2013 order as well as a copy of the Report and Recommendation was mailed to Plaintiff on July 2, 2013.  Plaintiff was also advised of his right to file objections to the Report and Recommendation.  (ECF No. 11 at 6.)  However, Plaintiff filed no objections and the time for doing so expired on July 16, 2013.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 and advisory committee's note).  Accordingly, the court accepts the Report and Recommendation having found no clear error.

After careful review of the record, the applicable law, and the Report and Recommendation, this action is hereby DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 7, 2013

-2-